O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9877 AHM (AGRx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | KIM TRI TRUONG v. ASIANA AIRLINES, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Kendra Bradshaw | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This action was originally filed in Los Angeles County Superior Court on November 1, 2010. Plaintiff served Defendant on November 23, 2010. On December 22, 2010, Defendant filed a timely Notice of Removal. Defendant alleges that this action originally could have been brought in federal court based on diversity jurisdiction, and that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b).

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

As a threshold inquiry, an action may be removed only if the federal court could have exercised original jurisdiction — that is, the action could have been filed in federal court. *See Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show that the claim meets the jurisdictional minimum. *Gaus*, 980 F.2d at 567. This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9877 AHM (AGRx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | KIM TRI TRUONG v. ASIANA AIRLINES, INC. | | |

404 (9th Cir. 1996).  In this regard, the defendant must set forth, "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]."  *Gaus*, 980 F.2d at 567.

      Here, Plaintiff has not alleged a specific amount in controversy.  Defendant has not proven the existence of the jurisdictional amount by a preponderance of the evidence, and has only provided mere conclusory allegations.  Not. of Removal, ¶¶ 8-9.  On the face of the complaint, therefore, it does not appear that removal was proper in this case.  The Court hereby ORDERS Defendant to SHOW CAUSE by January 24, 2011, why this action should not be remanded to state court.  In the same showing, Defendant must demonstrate that its intended defense of preemption warrants removal.

|  | : |  |
|---|---|---|
| Initials of Preparer | KB | |