1   Mark R. McKinnis (State Bar No.: 228201)
    LAW OFFICES OF MARK R. MCKINNIS
2   10866 Washington Blvd, #403
    Culver City, California 90232
3   Telephone: (310) 880-6376
    Facsimile: (310) 837-6734
4   Email: mwalhambra@gmail.com

5   Attorney for Plaintiff
    KIM TRI TRUONG
6

7   Richard A. Lazenby (State Bar No.: 202105)
    CONDON & FORSYTH LLP
8   1901 Avenue of the Stars, Suite 850
    Los Angeles, California 90067-6010
9   Telephone: (310) 557-2030
    Facsimile:  (310) 557-1299
10  Email: rlazenby@condonlaw.com

11  Attorneys for Defendant
    ASIANA AIRLINES, INC.

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15  KIM TRI TRUONG, an individual,      )   Case No.: 10-9877 AHM (AGRx)
                                        )
16              Plaintiff,              )   ~~STIPULATED~~ PROTECTIVE
                                        )   ORDER REGARDING
17       v.                             )   PROTECTION OF
                                        )   CONFIDENTIAL DOCUMENTS
18  ASIANA AIRLINES, INC., a            )   AND INFORMATION
    Corporation; and, DOES 1 through 50,)
19  inclusive,                          )
                                        )
20              Defendants.             )   NOTE CHANGES MADE BY THE COURT.
                                        )
21  _____ )

22       Based upon the stipulation of the parties, and good cause appearing, IT IS

23  ORDERED as follows:

24       1.    Any Party may designate items of discovery or other information

25  produced or disclosed to any other Party as confidential and subject to the terms of

26  this protective order, so long as any such designation is made in good faith. Items,

27  including documents, tangible things or information, may be designated as

28

1   confidential if a Party believes in good faith the information contains trade secrets,

2   personal information, competitively sensitive information, proprietary or otherwise

3   confidential information that may be the subject of a protective order under Rule

4   26 of the Federal Rules of Civil Procedure.  All documents designated as

5   confidential under this Order shall be marked prior to production by placing the

6   legend **"CONFIDENTIAL: ANY USE, COPYING OR DISSEMINATION OF**

7   **THIS DOCUMENT IS GOVERNED BY A COURT ORDER"** (or words to

8   that effect) on each page of the document.  Except as otherwise adjudicated by the

9   Court, all items so marked, and all copies, prints, summaries, or other

10  reproductions of such information, shall be subject to this Order.

11        2.        Unless otherwise directed by the Court or through prior written

12  agreement of the Parties, and subject to the limitations of Paragraph 1 above,

13  information and documents subject to this Order shall not be used or shown,

14  disseminated, copied, or in any way communicated to anyone for any purpose

15  whatsoever, other than as required for the preparation and trial of this action,

16  including any appeals.  Any copies, excerpts, summaries, analyses, or other

17  disclosures of, or references to, the substance or contents of any information

18  designated as confidential shall be protected to the same extent as the underlying

19  information.  Except as provided for below and in the paragraphs that follow, the

20  Parties shall keep all confidential information and documents strictly confidential

21  from all persons.  The information and documents subject to this Order may be

22  disclosed only to

23        (a) The actual named Parties, in the case of individual (non-corporate)

24              Parties in this action;

25        (b) In the case of corporate Parties in this action, officers, directors,

26              insurers, in-house counsel and current and former employees of such

27              corporations deemed reasonably necessary by counsel for the

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    prosecution, defense, trial or appeal of this action, including

2    employees and former employees of such Parties who testify as

3    pretrial or trial witnesses in connection with this action;

4    (c) Counsel (and their staff) who represent the Parties in this action;

5    (d) Experts or consultants retained by counsel, whether or not they are

6    expected to testify;

7    (e) The Court and court personnel ~~for any purpose the Court finds~~

8    ~~necessary;~~

9    ~~(f) Jurors and court personnel at trial of this case; and~~

*AGR*

10   (g) Stenographic and/or videographic personnel hired to record testimony.

11   3.    Disclosures shall be made to such persons identified in Paragraph 2,

12   and such persons may review such disclosures, only as necessary for purposes of

13   litigating this action.  The persons identified in Paragraph 2 shall not otherwise

14   disseminate the information and documents subject to this Order, or the substance

15   of such information or documents. *This paragraph 3 does not apply to the Court or court personnel.*

*AGR*

16   4.    Counsel (and counsel's staff) for the receiving Parties will abide by,

17   and be bound by, the provisions of this Protective Order, and will use due care to

18   ensure that the provisions of the Protective Order are known and adhered to by

19   clients, all persons under counsel's supervision and/or control and any person, firm

20   or corporation who has been retained by counsel to act on the receiving Party's

21   behalf in connection with this litigation.

22   5.    With respect to deposition testimony and any document marked as an

23   exhibit thereto, the designation of confidentiality may be made on the record at the

24   time of the deposition, and the designated testimony shall be subject to the full

25   protection of this Order, unless challenged in accordance with the procedures of

26   Paragraph 14.  In the case of testimony not so designated during the course of a

27   deposition, counsel may so designate confidential testimony, within thirty (30)

28

1   days of the deposition testimony and/or exhibits which contain confidential

2   material, in which case the designated testimony and/or exhibits shall be subject to

3   the full protections of this Order.  Until the thirty (30) day period for notification

4   has elapsed, deposition transcripts in their entirety and all exhibits are to be

5   considered as confidential and proprietary and subject to the provisions of this

6   Protective Order.  If, prior to and/or during the course of a deposition, a witness

7   refuses to be bound by the terms of the Protective Order, the deposition shall be

8   adjourned until application can be made to the Court regarding the deposition.

9          6.      Each person given access to documents and information subject to this

10  Order, except those persons identified in paragraph 2(c), (e), and (f) above, must

11  acknowledge this Order and agree, in writing, to be bound by all its terms and

12  conditions.  This requirement must be satisfied by obtaining the signature of the

13  person or persons on a copy of the Agreement to Be Bound By Protective Order

14  attached as Exhibit "A" hereto.  By agreeing to be bound by this Order, each

15  person consents to the jurisdiction of this Court over his or her person for any

16  proceedings involving alleged improper disclosure of documents or information

17  protected by this Order.  Each Party shall maintain the original signed written

18  agreements and a verified list of all experts, consultants or persons to whom the

19  information and documents or copies thereof were revealed.  The list of signatories

20  shall not be revealed to any other person or persons except through court order,

21  which shall only be granted upon a showing of good cause. The Parties agree that a

22  prima facie showing of good cause may be established by evidence that a protected

23  document has been disseminated or used contrary to the terms of this Order (e.g., is

24  in the possession of one not bound by the terms of this Order) and that a reasonable

25  basis exists to find that a particular individual or Party (or agents thereof)

26  improperly used or disseminated the confidential information.  The Party that

27  appears to have improperly disseminated the protected document or information

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

- 4 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 shall be required to produce its list of signatories to the Agreement to Be Bound by

2 Protective Confidentiality Order to the Party having claimed confidentiality.

3       7.    If a Party intends to submit to the Court a document marked as

**AGR** 4 confidential ~~either~~ before ~~or during~~ trial, that Party or any other Party may request

5 that such document be placed under seal.  If the Parties agree, such request shall be

6 presented to the Court as a stipulated motion.  Otherwise, the request shall be

7 presented to the Court as a contested motion.  Good cause must be shown for the

**AGR** 8 under seal filing *in connection with a nondispositive motion*.  The purpose of this provision is to avoid placing documents

9 under seal unnecessarily.

10       8.    Neither this Order nor the designation of any item as confidential shall

11 be construed as an admission that such document, information or testimony would

12 be admissible in evidence in this litigation or in any other proceeding.  In addition,

13 this Protective Order does not, of itself, require the production of any information

14 or documents; nor does the existence of this Order constitute an admission or

15 finding that any material marked as confidential is entitled to protection under

16 applicable law.

17       9.    Nothing in this Order shall be deemed a waiver of any Party's right to:

18 (a) oppose discovery on grounds other than that the same constitutes or contains

19 confidential information, or (b) object on any ground to the admission in evidence,

20 at the trial of this action, of any confidential information.

21       10.    If any Party wishes to petition the Court to modify this Order or its

22 application to certain documents or information, the Party shall follow all

23 applicable Federal Rules of Civil Procedure and Local Rules in petitioning the

24 Court for relief.

25       11.    All Parties, within sixty (60) days of the final conclusion of all aspects

26 of this litigation, or a dismissed Party within thirty (30) days of that Party's

27 dismissal with prejudice prior to the final conclusion of all aspects of this

28

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

- 5 -

litigation, shall:

    (a) Provide to the Party's counsel that originally produced confidential information a copy of all Agreements executed pursuant to paragraph 6, above; and

    (b) Retrieve all such confidential information, including all copies thereof and all documents identifying such confidential information, in that party's possession, custody or control, or in the possession, custody or control of all such persons to whom the confidential information was disseminated pursuant to paragraph 6, and either: 1) return all such confidential information to the Party's counsel that originally produced the confidential information (redacting any work product of the receiving counsel) at the producing counsel's business office or any subsequent address designated by that counsel, or 2) completely destroy all such confidential information; and

    (c) Provide a declaration under the penalty of perjury stating that a good faith effort was made to retrieve all such confidential information received and/or disseminated, and that all such confidential information has been either returned or destroyed as indicated in subparagraph (a) and (b) above.

12.    Up and until the commencement of trial, but not thereafter, the provisions of this Order relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information that is publicly available. This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Order up and until trial is commenced, but not thereafter.

13.    Nothing in this Order shall be deemed to preclude any Party from

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

1    seeking or obtaining, on the appropriate showing, additional protection with

2    respect to the confidentiality of documents or information.  Nor shall any provision

3    of this Order be deemed to preclude any Party from challenging the validity of the

4    confidentiality of any materials or information so designated.

5         14.    If a Party elects to challenge the designation of confidentiality

6    ("Challenging Party") of any document, information or testimony, the Challenging

7    Party shall notify the Party who designated the challenged document ("Designating

8    Party") as confidential of its challenge, in writing.  Once the challenge is raised,

9    the Parties shall promptly confer and make reasonable and good faith efforts to

10   resolve the disagreement without intervention by the Court.  If they are unable to

11   resolve their differences in good faith within ten (10) days of receipt of the

12   challenge, the Challenging Party shall request a ruling from the Court [*pursuant to Local Rule 37*] with respect

13   to the confidential treatment of the information at issue within thirty (30) days of

14   completion of the meet and confer efforts.  The Designating Party shall have the

15   burden to prove that the challenged document, information or testimony is entitled

16   to protection under applicable law.  Until such time as the Parties' contentions

17   regarding the confidentiality of documents, information or testimony are fully and

18   finally adjudicated, all documents, testimony or other materials designated by

19   defendants as confidential shall retain their confidential status.  Nothing in this

20   agreement shall be deemed to alter, modify or reduce the burden on any party

21   asserting a privilege to make out all elements of the privilege claimed.

22        15.    It is recognized by the Parties to this Protective Order that documents

23   or testimony may be designated inadvertently or erroneously as confidential, or

24   that such a designation inadvertently or erroneously may be omitted with respect to

25   documents or information that are entitled to such protection.  Any Party to this

26   Protective Order may correct its designation or lack thereof within a reasonable

27   time and shall, at its own expense, furnish to all counsel copies of the documents

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AGR

STIPULATED PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

- 7 -

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    for which there is a change in designation.

2        16.    It is recognized by the Parties that documents or testimony stamped as

3    confidential may be inadvertently disclosed to third parties by a receiving Party.

4    Any receiving Party may correct this inadvertent disclosure without sanction by

5    immediately bringing it to the attention of the producing Party by letter to the

6    producing Party's counsel in which the third Party is identified by name and

7    address. The receiving Party shall further provide an affidavit of counsel

8    confirming that to the best of his or her knowledge the documents and any copies

9    thereof were recovered from the third party.

10       17.    All documents or information produced by the Parties prior to the

11   entry of this Protective Order by the Court shall be subject to the provisions of this

12   Protective Order to the same extent as if such Protective Order had been entered by

13   the Court as of the date such documents or information were produced. Producing

14   Parties shall have thirty (30) days from the date of entry of this Order to designate

15   already-produced materials as confidential. However, documents or information

16   obtained through means other than discovery in this action shall not be subject to

17   this Protective Order.

18       18.    In the event that any person identified in paragraph 2 above who has

19   been provided access to confidential information produced in this action ("Person

20   Served"): (a) is served with a subpoena in another action, or (b) is served with a

21   demand in another action to which he or she is a party, or (c) is served with any

22   other legal process by one not a Party to this litigation, seeking information that

23   has been produced in this action by another Party and which is subject to this

24   Protective Order, the Person Served shall give prompt written notice of such event

25   to counsel of record for the Party that produced the information. Upon receipt of

26   written notice, the Party which produced the information shall advise the Person

27   Served of that Party's position with respect to the protected information.

28

STIPULATED PROTECTIVE ORDER REGARDING          - 8 -
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

1  Thereafter, the Party which produced the information shall assume responsibility

2  for prosecuting any objection to the discovery requests, subpoena or demand, and

3  the Person Served shall cooperate to the extent necessary to preserve the

4  confidentiality of the information.  Should the person seeking access to

5  information take action to enforce such discovery requests, subpoena, demand, or

6  other legal process, the Person Served shall set forth in his response the existence

7  of this Stipulated Protective Order.  Nothing herein shall be construed as requiring

8  the receiving Party to challenge or appeal any order requiring production of the

9  information.

10      19.    This Order shall not prejudice the Parties' rights or arguments

11  regarding whether documents or information used at trial do or do not remain

12  confidential. Such issues will be taken up as a separate matter upon motion of any

13  Party.

14      20.    It is understood by the Parties that this Stipulated Protective Order

15  may be executed in one or more counterparts, each of which shall be deemed an

16  original.

17  Dated: May __, 2011          LAW OFFICES OF MCKINNIS & WAYNE

18

19                              By:_____

20                                  MARK MCKINNIS
                                    Attorneys for Plaintiff
21                                  KIM TRI TRUONG

22

23  Dated: May 5, 2011           CONDON & FORSYTH LLP

24

25                              By:_____

26                                  RICHARD A. LAZENBY
                                    Attorneys for Defendant
27                                  ASIANA AIRLINES. INC.

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

19.   ℉... Order shall not prejudice the Parties' right... of arguments regarding whether documents or information used at trial do or do not remain confidential. Such issues will be taken up as a separate matter upon motion of any Party.

20.   It is understood by the Parties that this Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed an original.

Dated: May 4, 2011          LAW OFFICES OF MCKINNIS & WAYNE

By: _____

MARK MCKINNIS
Attorneys for Plaintiff
KIM TRI TRUONG

Dated: May __, 2011          CONDON & FORSYTH LLP

By: _____

RICHARD A. LAZENBY
Attorneys for Defendant
ASIANA AIRLINES. INC.

**IT IS SO ORDERED.**

DATED: May 6, 2011

_Alicia G. Rosenberg_

UNITED STATES MAGISTRATE JUDGE

1  **APPROVED AS TO FORM:**

2  **EXHIBIT "A"**

3

4  **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

5

6      I, the undersigned, acknowledge that I will be receiving documents that have

7  been designated confidential and subject to the terms of the Stipulated Protective

8  Order entered in the above-captioned case.  I understand that such confidential

9  material is to be provided to me pursuant to the terms and restrictions of the

10 aforementioned Protective Order and acknowledge that I have been given a copy

11 of and have read that Protective Order.  I understand that any use by me of

12 documents or information designated confidential under the Stipulated Protective

13 Order, or any portion or summaries thereof, in any manner contrary to the

14 provisions of the Stipulated Protective Order, will subject me to the sanctions of

15 the Court.  I hereby agree to be bound by all of its terms.

16      I declare under penalty of perjury under the laws of the United States that

17 the foregoing is true and correct.

18      Dated this _____ day of _____, _____.

19

20                                          _____

21                                          *Signature*

22

23                                          _____

24                                          *Printed Name*

25                                          _____

26                                          *Witness*

27                                          _____

28                                          *Printed Name*

STIPULATED PROTECTIVE ORDER REGARDING          - 10 -
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO.: 10-9877 AHM (AGRX)
LAOFFICE 10870V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite-850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030